UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXIZ HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>R GROUNDS,<br><br>    Defendant. | Case No. 13-cv-00648-JD<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

Alexiz Hernandez, a state prisoner, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his 2010 negotiated plea. The sole claim in the petition alleges that petitioner received ineffective assistance of counsel because his attorney misadvised him about the available conduct credits he would receive while in prison. Petitioner states that counsel told him he would receive 50% credit and be eligible for parole in approximately 12 years, yet petitioner is only entitled to 15% credit and will be eligible for parole in 19 years. The petition is denied.

## II. BACKGROUND

Petitioner was charged with nine counts of second degree robbery and one count of vehicle theft. It was also alleged that petitioner committed the offenses for the benefit of a criminal street gang, he personally used a firearm during the robberies, and the vehicle theft occurred while petitioner was released on bail. Clerk's Transcript ("CT") at 33-52. The specific facts of the underlying crimes are not relevant to the claim in the petition. On November 10, 2010, pursuant to a negotiated disposition, petitioner pleaded no contest to one count of vehicle theft and one

1   count of robbery, and he admitted the gang and firearm enhancements, for a sentence of 23 years.
2   CT at 66-68, 95-101.

3   One month later, petitioner expressed a desire to withdraw the plea, claiming he received ineffective assistance of counsel because he was misadvised about the conduct credits he would receive while in prison. CT at 104-09. The trial court denied the motion, and imposed the 23-year sentence. CT at 114, 131-32. Petitioner unsuccessfully appealed the denial of the motion to withdraw the plea. Answer, Ex. 6, 7, 10. Petitioner then filed a direct appeal of the conviction with the California Court of Appeal and a habeas petition in the California Supreme Court that were both denied. Answer, Ex. 4, 5, 11, 12. Petitioner filed this federal petition for writ of habeas corpus on February 13, 2013. The Court issued an order to show cause why the petition should not be granted. Respondent filed an answer and petitioner filed a traverse.

## III. STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2254 to impose new restrictions on federal habeas review. A petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412-13 (2000).

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's

decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409.

Here, the California Supreme Court summarily denied petitioner's habeas petition. The California Court of Appeal, in its opinion on direct review, addressed the claim petitioner raises in the instant petition. The California Court of Appeal thus was the highest court to have reviewed the claims in a reasoned decision, and it is the Court of Appeal's decision that this Court reviews herein. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991).

## IV.   INEFFECTIVE ASSISTANCE OF COUNSEL

### A.   Legal Standard

Because petitioner pleaded no contest, he is limited to challenging his plea by demonstrating that the advice he received from counsel did not constitute effective representation. *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985).

The Supreme Court has held that the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), applies to challenges to guilty pleas based upon ineffective assistance of counsel. *Hill*, 474 U.S. at 57-59. Under that test, a federal habeas petitioner must establish two things: (1) that counsel's performance was deficient because it fell below an "objective standard of reasonableness" under prevailing professional norms; and (2) that petitioner was prejudiced by counsel's deficient performance, that is, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 687-88, 694; *see also Hill*, 474 U.S. at 59 (prejudice requirement in plea context focuses on whether ineffective assistance affected outcome of plea process).

"In the context of a guilty plea, the ineffectiveness inquiry probes whether the alleged ineffective assistance impinged on the defendant's ability to enter an intelligent, knowing and

voluntary plea of guilty." *Lambert*, 393 F.3d at 979-80.  Where counsel misadvised a defendant about the law during a plea negotiation, or improperly coerced a defendant to accept a plea bargain, counsel's performance may be found to have been deficient.  *Cf. Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (counsel's erroneous legal advice about possibility of conviction that led to rejection of plea offer constituted deficient performance).  Because of the difficulty in evaluating counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see also Harrington v. Richter*, 131 S. Ct. 770, 788 (2011) ("The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." (citing *Strickland*, 466 U.S. at 690)).

### B. Analysis

The California Court of Appeal set forth the relevant background information regarding the trial court proceedings:

> Before entering his pleas, defendant executed a "WAIVER OF RIGHTS PLEA OF GUILTY/NO CONTEST" form in which he was advised of his constitutional rights, and the immigration consequences of his plea.  Before taking defendant's plea, the court confirmed with defendant that he understood the rights he would be giving up by entering his pleas.  Defendant stated that he understood and gave up those rights.  The court outlined the plea agreement telling defendant that the court would impose a sentence of 23 years and make a restitution order.  Defendant confirmed that he understood.  Counsel stipulated to a factual basis for the pleas contained in the police reports.  The court found that defendant had made a knowing and intelligent waiver of his constitutional rights and that there was a factual basis for the pleas.
>
> After defendant entered his pleas, defense counsel Mary Conn asked the court for clarification on the credits that defendant would get for the time he served in county jail on this case.  Ms. Conn told the court that defendant had served time in the county before making bail on another case.  Specifically, she said, just for clarification, especially for [the] family, Mr. Hernandez will get-will be credited with all time he served in the county jail pending this and other-pending this case, and the time he also was given.  He served some time in the county prior to making bail on another case, and would give him credit for the time that's applicable on this case.  The court stated that it believed that to be correct and said that defendant would be entitled to get a certain amount of conduct credits, but the court was not totally clear how many.  The prosecutor responded that defendant's conduct credits would be limited to 15 percent.  The prosecutor went on to say, I guess we can have the probation department address—he was in custody on the [burglary charge] for

a certain period of time, and since he's now pleading to that, I'm not sure what actually—it is not clear to me that he's legally entitled to credits on that. FN4. Ms. Conn asked, should we amend the plea to reflect that count or that charge, rather than the-. However, the prosecutor pointed out that would mean that defendant would then stand convicted of two strikes. The court told defense counsel that she did not want that to happen. Ms. Conn concurred.

FN4. It appears that defendant was charged in case number SS072658A with burglary, but the case was dismissed "with all facts to be considered on December 15, 2010."

Thereafter, on December 15, 2010, at the start of what was supposed to be defendant's sentencing hearing, defendant told the court that he wanted to withdraw his plea. Defendant explained that he thought that he was going to get half-time I was promised half-time, and I don't know what I was signing for. And I read the reports. That's not what I signed for. The court replied that there was no point getting into this at this point. People have an opportunity to respond. Something has to be filed in writing if you want to do that. The court put the matter over until February 2, 2011, to hear defendant's motion to withdraw his plea.

On February 2, 2011, defendant appeared with defense counsel Ms. Conn; Ms. Conn declared a conflict. The court appointed the Alternate Defender's Office to represent defendant.

Subsequently, new counsel Romano Clark filed a motion to withdraw defendant's plea. Defendant claimed that his plea was involuntary due to ineffective assistance of counsel in that trial counsel erroneously advised him that he would receive half-time credits and credit for time served on the other case when he was not in custody on this case. Defendant maintained that he entered his plea on the assurance that he would be released after 12 years, which he asserted was important because then he would be released before his infant child grew up. He said that if he had known he was not eligible for the credits Ms. Conn had told him he was entitled to, he would not have entered his plea.

At the hearing on defendant's motion, Mr. Clark attempted to have an exhibit marked for the court. He represented that it was something he found in Ms. Conn's file. It was dated December 13, two days before the original sentencing hearing. Mr. Clark told the court that Ms. Conn disagreed with defendant's declaration regarding the award of custody credits and he found the document particularly probative as it was dated two days before the sentencing hearing. Mr. Clark continued to explain that it was very probative of whether or not counsel in fact misrepresented to Mr. Hernandez exactly what his exposure would be and what the credits would be as accrued. The prosecutor objected to the exhibit being presented as it was not sworn testimony. The prosecutor asked the court not to consider the exhibit. The court denied defendant's motion to withdraw his plea without explanation. The court put the matter over briefly for sentencing. FN5

> FN5. Defendant brought a motion in this court to augment the record with the exhibit. We granted the motion on November 16, 2011. The exhibit appears to be an email exchange between Ms. Conn and a Rick Lennon that reads as follows: "On the conduct credits issue, both the robbery and the gun use make it a violent felony, limiting conduct credits both pre-sentence, and in state prison to 15%." However, authentication of a writing is required before it may be received in evidence. (Evid.Code, § 1401.) Mr. Clark presented no evidence of its authenticity.

*People v. Hernandez*, No. H036946, 2012 WL 538951 at *3-4 (Cal. Ct. App. Feb. 17, 2012). The California Court of Appeal reviewed the record and found that petitioner's attorney was not ineffective and the sentence and custody credits were consistent with the plea bargain and supported by the law. *Hernandez*, at 5.

Petitioner has failed to demonstrate that the state court opinion was contrary to Supreme Court authority. There is no Supreme Court authority finding counsel deficient for misstating or failing to advise regarding the effect of conduct credits. The Supreme Court has reserved the question of whether an attorney's failure to properly advise a defendant regarding "collateral" as opposed to "direct" consequences of a plea can serve as the basis for an ineffective assistance of counsel claim. *See Padilla v. Kentucky*, 559 U.S. 356, 365 (2010) ("We, however, have never applied a distinction between direct and collateral consequences to define the scope of constitutionally 'reasonable professional assistance' required under *Strickland*. Whether that distinction is appropriate is a question we need not consider in this case because of the unique nature of deportation." (citation omitted)); *Hill*, 474 U.S. at 60 ("In the present case the claimed error of counsel is erroneous advice as to eligibility for parole under the sentence agreed to in the plea bargain. We find it unnecessary to determine whether there may be circumstances under which erroneous advice by counsel as to parole eligibility may be deemed constitutionally ineffective assistance of counsel . . . .").

As there is no clearly established Supreme Court authority, petitioner is not entitled to habeas relief. *See Murdoch v. Castro*, 609 F.3d 983, 994 (9th Cir. 2010) (en banc) ("We have held that a constitutional principle is not clearly established for purposes of § 2254 where the Supreme Court has expressly concluded that an issue is an 'open question'" (citing *Earp v. Ornoski*, 431 F.3d 1158, 1185 (9th Cir. 2005))); *see also Corsetti v. McGrath*, 2004 WL 724951 at

*7-8 (N.D. Cal., March 26, 2004) ("Sentence time credit issues are a collateral consequence of a conviction of which the court need not advise a defendant who pleads guilty."); *Gallardo v. Grounds*, 2012 WL 5069959 at *4 (C.D. Cal., July 30, 2012) (Supreme Court has specifically reserved the question if failing to advise on collateral consequences can be ineffective assistance of counsel.)

In addition, a review of the trial court record indicates that even if counsel had been deficient, petitioner did not suffer any prejudice. When petitioner entered his plea, the attorneys and trial court discussed the credits he would receive from the time served in county jail and the prosecutor specifically stated that conduct credits would be limited to 15 percent. CT at 100. *See Womack v. Del Papa*, 497 F.3d 998, 1003-04 (9th Cir. 2007) (even if counsel was deficient, defendant was not prejudiced because the trial court informed him of consequences of guilty plea). Petitioner was present and made no objection to the conduct-credit statement or the trial court's statement that he would be sentenced to 23 years. For all these reasons, this claim is denied.

## V. CONCLUSION

The petition for writ of habeas corpus is **DENIED** on the merits. A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c). This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: June 4, 2014

_____
JAMES DONATO
United States District Judge

13-cv-00648-JD-_hc